UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID HUGHES, | Case No.: 11-CV-03991-PSG |
| Plaintiff, | **ORDER REMANDING CASE** |
| v. | |
| TELEGENT SYSTEMS USA, INC., ET AL., | **(Re: Docket No. 25)** |
| Defendants. | |

Before the court is Defendant Telegent Systems USA, Inc. ("Telegent") motion to dismiss the amended complaint of Plaintiff David Hughes ("Hughes") for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). This is not Telegent's first motion to dismiss. On November 8, 2011, the court granted Telegent's previous motion to dismiss the original complaint,[1] which included federal claims under the Americans with Disability Act and "Title VII" in addition to three claims under California state law.[2] The November dismissal order further granted leave to Hughes to file an amended complaint.[3]

---

[1] *See* Docket No. 21.

[2] *See* Docket No. 1.

[3] *See* Docket No. 21 at 8.

Case No.: C 11-3991 PSG
ORDER

1

Because the original complaint included both federal and state law claims, the court was satisfied that it could exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367. Indeed, this was the basis for Telegant removing the original complaint from Santa Clara Superior Court, where it was filed.[4] The amended complaint, however, includes no such claim under federal law-- indeed Hughes includes no reference to federal law anywhere. This begs the question of whether this court's exercise of subject matter jurisdiction remains appropriate. Neither Telegant nor Hughes raise the issue of subject matter jursidiction, but no matter: this court has an independent responsibility to assess its jurisdiction at all times.[5]

In reviewing the case law applicable to this circumstance, the court concludes that it may no longer exercise subject matter jurisdiction over this case. "Because only state law claims remains in Plaintiff's amended complaint, there is no basis for supplemental jurisdiction over the remaining state law claims."[6] This is not a matter of discretion, as might be the case where the operative complaint includes federal claims that have been dismissed.[7] Whether by design or otherwise, when Hughes elected to file his amended complaint without any federal claims or other basis for subject matter jurisdiction (such as diversity jurisdiction pursuant to 28 U.S.C. §1332), he divested this court of its jurisdiction and obligated it to remand this case without delay.[8]

**IT IS SO ORDERED.**

---

[4] *See id.*

[5] *See American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 17-18 (1951).

[6] *Nickerson v. Wells Fargo Bank*, No. C-10-01889 EDL, 2010 WL 3990743, at *2 (N.D. Cal. Oct. 12, 2010) (citing *Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007)).

[7] *Cf.* 28 U.S.C. § 1367(c).

[8] *See Carnegie-Mellon University, et al. v. Cohill,* 484 U.S. 343, 351-353, 108 S.Ct. 614, 620 (1988) (explaining that remand generally will be preferable to a dismissal if the statute of limitations on plaintiff's state law claims has expired and remand may best promote values of economy, convenience, fairness and comity). *Cf. Robinson v. Bank of Am., NA*, No. C 10-0050 VRW, 2010 WL 1729317, at *1 (N.D. Cal. Apr. 27, 2010) ("Where the amended complaint fails to state any basis for federal jurisdiction, the court must dismiss the case."). *See also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (stating that federal courts may find federal jurisdiction embedded in plaintiffs' state law claims only if those claims "necessarily raise a stated federal issue, actually disputed and substantial").

Dated: 4/23/2012

*[signature]*
PAUL S. GREWAL
United States Magistrate Judge

3

Case No.: C 11-3991 PSG
ORDER